UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERNIE C. DIAL,<br><br>                Petitioner,<br><br>   v.<br><br>LYDELL B. SHERRER, et al.,<br><br>                Respondent. | Civil Action No. 03-2623 (JBS)<br><br>**O P I N I O N** |

**APPEARANCES:**

    VERNIE C. DIAL, # 290672  3-1R/ 985051A, Petitioner <u>Pro</u> <u>Se</u>
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302

    CHRISTOPHER A. ALLIEGRO, Deputy Attorney General
    OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
    Division of Criminal Justice, Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey 08625
    Attorneys for Respondents

<u>**SIMANDLE, DISTRICT JUDGE**</u>

    Vernie C. Dialt ("Dial"), who is confined at South Woods State Prison in Bridgeton, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising a number of grounds for relief.  The State filed an Answer opposing the Petition, accompanied by relevant portions of the State court proceedings.  For the reasons expressed below, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability.  <u>See</u> 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

## I.  BACKGROUND

On August 15, 1997, after a jury trial, Petitioner was convicted of robbery in violation of N.J.S.A. 2C:15-1 (Answer, Paragraph 2.)  Petitioner was sentenced to twenty years' imprisonment with a ten year parole disqualifier.  (Petition, Paragraph 3; Answer, Paragraph 3.)  The New Jersey Appellate Division affirmed Dial's conviction and sentence on February 3, 1999.  (Ans. Paragraph 9.)  The New Jersey Supreme Court denied Petitioner's application for certification on July 8, 1999.  (Pet. Paragraph 9; Ans., Paragraph 9.)  Petitioner thereafter filed a Petition in state court for post-conviction relief; relief was denied on January 24, 2000.  (Ans., Paragraph 11.)  The New Jersey Appellate Division affirmed the lower court on January 4, 2002.  (Id.)  The New Jersey Supreme court again denied certification on March 28, 2003.  (Id.)  The instant Petition was submitted on June 2, 2003.  (Docket.)  On August 4, 2003, this Court filed a Memorandum  Opinion and an order to Show Cause why the Petition should not be dismissed for untimeliness, to which Petitioner responded on August 18, 2003; the Court determined that the Petition was timely and that all claims had been exhausted, and entered a Notice and Order pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), as to which the Petitioner, in a letter filed September 8, 2003, elected to have the Petition ruled on as is.

## II.  FACTS

Federal courts in habeas corpus cases are required to give deference to the factual findings of both the state trial and appellate courts. Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the factual determinations of a state trial court and those of a state appellate court**)).**  See

also 28 U.S.C. § 2254 (e)(1).[1]  The factual recital is taken from the New Jersey Appellate Division Opinion in this case (Ans., Ex R4., Opinion of the New Jersey Appellate Division in State v. Dial, A-970-97 T4 (February 3, 1999):

> The charges arose out of events that occurred on October 31, 1996, in the slot machine area at Bally's Park Place Casino.  The victim, Michaelen Dwulet, was playing a fifty-cent machine.  A friend, Willie Hamilton, was seated next to her on the left.  Her business partner, Frank Latella, was seated to the immediate left of Hamilton.
>
> Dwulet had her money in two buckets, one inside the other - a small one filled with half-dollar coins and the larger containing dollar coins - about an arm's length from her, placed between her machine and the unoccupied machine to her immediate right.
>
> As she reached for the buckets, Dwulet realized they were gone, jumped up and shouted "my money's gone."  Hamilton leapt to his feet almost simltaneously, saying "well, that guy has it."  Moments before he had seen defendant walk down the isle empty-handed, sit at the unoccupied machine next to Dwult, pull the handle once and walk rapidly away with a cup, trying to "stick it under his jacket."  Hamilton and Dwult pursued defendant for a short distance until Hamilton was able to grab defendant's shoulder.  They demanded that the buckets be returned.  Hamilton retained his grip on defendant even as defendant was returning the buckets.  As defendant struggled to get free, he said to Hamilton, "Let me go or I'll stick you."  This was heard by Dwult and Hamilton, and also by a Bally's security officer who responded to the struggle.  Hamilton said that in Philadelphia, "stick" means "stab."
>
> Defendant was then held at the Division of Gambling Enforcement Office until the arrival of State Police, who took him into custody.  No weapon or money was found on defendant.  His identity was readily established at trial from the arrest

---

[1] Section 2254 (e)(1) provides: In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

photo, although defendant's appearance had apparently been changed during the time that elapsed since the October 1996 incident. [ (Ans., Ex R4. pp. 2-3.)

### III.  DISCUSSION

A.     Grounds Raised in Petition

Petitioner Dial raises the following grounds for relief in his § 2254 petition:

Ground One:  That he was denied his dues process right to a fair trial(1)" by the prosecutor's improper use of Petitioner's impecuniosity to imply that he had motive to commit theft," and (2) "by the prosecutor's improper comments designed to bolster the credibility and appeal to the jurors' emotions."

Ground Two:  That trial counsel was ineffective for failing to object to prosecutor's conduct (above in Ground One) and in failing to obtain videotape of the incident, and that appellate counsel was ineffective for failing to raise these issues of trial counsel's ineffectiveness on appeal, and for failing to raise "the issue regarding the trial court's holding on remand that the negative was used during the prosecutor's summation."

Ground Three:  That the trial court erred in holding on remand that the transcript was inaccurate by omitting the word "not" before the words "that he's a poor person."

B.     Standards Governing Petitioner's Claims

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties.  Section 2254(a) provides, in pertinent part:

4

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified." See Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts. Petitioner has the burden of establishing each claim in the Petition. See United States v. Abbott, 975 F. Supp. 703,705 (E.D. Pa. 1997). Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to determinations of the state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)). Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding [28 U.S.C. § 2254 (d) (1)].

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 362 (2000), explaining that

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially

> indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. [529 U.S. at 412-13].

See also Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Williams, 529 U.S. at 409-10. In addition, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir.), cert. denied, 524 U.S. 824 (1999). Finally, in considering claims raised in a habeas petition, federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). See also Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001) (federal court must ". . . afford state courts' factual findings a presumption of correctness, which the petitioner can overcome only by clear and convincing evidence.").

The United States Supreme Court also has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). "[M]ere

errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976). "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal constitution.[2] Nor may the court address a constitutional claim that is apparent from the facts of the case, but is not set forth on the face of the petition as a ground for relief.[3] A federal district court must dismiss a habeas corpus petition,

---

[2] See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found
(continued...)

summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation.  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[4]  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

C. Discussion of Claims Asserted in the Petition

    1. Ground One.

Petitioner first claims that he was denied his due process right to a fair trial (1) " by the prosecutor's improper use of Petitioner's impecuniosity to imply that he had motive to

---

[3](...continued) the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] Rule 4(c) provides:  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

commit theft" and (2) "by the prosecutor's improper comments designed to bolster the credibility of his witnesses and appeal to the jurors' emotions." (Pet., Ground One.)

The Court notes that federal courts reviewing habeas claims cannot "reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (citing Estelle). Because it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions," this court's inquiry is "limited to deciding whether [petitioner's] conviction violated the Constitution, laws, or treaties of the United States." Id. at 68; see also Wells v. Pestock, 941 F.2d 253, 256 (3d Cir.1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We can take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee.").

Applying these principles to the facts of the instant case, a review of the New Jersey Appellate Division's decision in State v. Dial, A-970-97T4 (Ans., Ex 4.) shows that the Court found no error had been committed under state law.

> Reading the record as a whole, including the defendant's testimony that he came to the casino with $104, after a night of partying and doing drugs, we are satisfied the State could properly attempt to rebut this testimony by pointing to his being unemployed, thus challenging credibility of defendant's testimony [citation omitted]. As indicated by the absence of objection, it was not deemed, in the context of the trial, to have been worthy of an objection or as liable to produce an unjust result [citation omitted]. We recognize that defendant's unemployment was mentioned briefly during the State's direct case. However, our review of the entire record discloses such overwhelming evidence of guilt as to make such mention clearly harmless. This assessment is supported by the testimony of several eyewitnesses, defendant's possession of the

>  victim's coin cups, and defendant's admission that he threatened to "stick" Hamilton...
>
>  ...The proceedings on remand have confirmed our doubt that this prosecutor would have told a jury in summation that the significance of being unemployed is that a defendant is poor and that makes him guilty.  The trial judge so held on remand after considering the testimony of counsel, and his own notes.  Certainly, it is most unlikely to have occurred, particularly so in light of the absence of contemporaneous reaction by defense counsel or the judge.  However, even if such a statement had been made, given the Court's charge and the overwhelming evidence of guilt, we see no real possibility of it having contributed to an unjust result in this case.
>
>  As to defendant's arguments that the prosecutor improperly vouched for the State's witnesses, it is without merit, R. 2:11-3(e)(2)...

Petitioner simply has failed to meet his burden of establishing the existence of a federal claim under Ground One of the Petition.  Even assuming that Petitioner raised a federal claim or claims under Ground One, given the foregoing analysis, this Court cannot conclude that the state appellate court's determination of these issues resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.  See also Chadwick v. Janecka, 312 F.3d 597, 606 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003) (state court's rejection of petitioner's claim without explanation was a decision on the merits and thus entitled to § 2254(d) deference); Barclay v. Spitzer, 2003 WL 24053776, *18 (E.D. N.Y September 1, 2003) (state appellate court's determination of meritlessness was not contrary to the standard announced in Williams v. Taylor, supra.).  The Court will deny relief with respect to Ground One.

2. Ground Two

Petitioner also claims that he was denied the effective assistance of counsel at trial and on appeal:

> (1) Trial counsel failed to object to the prosecutor's improper and highly prejudicial references to petitioner's IMPECUNIOSITY [sic]; (2) trial counsel failed to object to the prosecutor's comments that were clearly designed to improperly bolster the credibility of the State's witnesses and to appeal to the emotions of the jurors; and (3) trial counsel failed to obtain the grand jury transcripts and failed to obtain any videotape coverage from the [sic] Bally's Park Place prior to trial.
>
> (1) Appellate counsel on direct appeal failed to raise the above issues concerning petitioner being denied the effective assistance of counsel at the trial level and (2) Appellate counsel [did] not raise the issue regarding the trial court's holding on remand that the negative was used during the prosecutor's summation. [(Pet., Ground Two.]

Claims of ineffective assistance of counsel are governed by the decision of the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny. See also Marshall v. Hendricks, 307 F.3d 36, 84 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003). Under Strickland, Petitioner must first show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, Petitioner must show that counsel's deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland, 466 U.S. at 687. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, that is, a trial whose result is reliable. Strickland, 466 U.S. at 687; see also Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir.1996). Moreover, "judicial scrutiny of an attorney's competence is highly deferential." United States v.

Hart, Civ. A. No. 00-5204, 2002 WL 318337, *4 (E.D. Pa. Feb. 25, 2002) (quoting Diggs v. Owens, 833 F.2d 439, 444-45 (3d. Cir.1987)).

A deficient performance falls "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  To establish deficient performance, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688.  In making an objective evaluation as to counsel's performance, "a court must indulge a strong  presumption that counsel's conduct falls within the wide range of reasonable professional assistance"  and " might be considered sound trial strategy [under the circumstances]."  Id. at 689.  Strickland thus imposes a "highly demanding" standard upon a petitioner to prove the "gross incompetence" of his counsel.  Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir.), cert. denied, 527 U.S. 1050 (1999) (only rarely will a claim of ineffectiveness  succeed under the deferential standard applicable to counsel's performance).

To establish prejudice, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. See also Stevens v. Delaware Correctional Center, 295 F.3d . 361, 369 (3d Cir. 2002) (citing Strickland).  Under Strickland, Petitioner is required to demonstrate how specific errors undermined the reliability of the guilt-determination process. See United States v. Cronic, 466 U.S. 648, 659 n. 26 (1984).  Absent some effect of defense counsel's conduct on the trial process' reliability, the Sixth Amendment guarantee is generally not implicated.  Lockhart v. Fretwell, 506 U.S. 364, 369 (1993).

12

Petitioner has not met these requirements. The claims regarding impecuniosity and bolstering were rejected by the New Jersey Appellate Division on direct appeal. See discussion at "A" supra. On appeal from the denial of post-conviction relief the Appellate Division agree with Judge Connor's opinion below and added:

> Defendant now asserts essentially the same contentions that he asserted on the direct appeal... However, he tries to avoid he procedural bars, including the effect of our prior disposition of the same claims, by asserting ineffective assistance of trial, appellate, and PCR counsel.
>
> We are not convinced that the result of the prior appeal would have been different if the issues defendant raised as plain error on the direct appeal had been raised at trial... In any event, defendant has failed to show us any basis for suggesting that any additional arguments by him, including anything relevant to the grand jury proceedings, would have affected the result. [Ans., R10, Opinion of the New Jersey Appellate Division on appeal from denial of post-conviction relief, A-3760-99T4]

As indicated by the Appellate Division's affirmance (Ans., R 10.), the lower New Jersey post-conviction court rejected the claim regarding the failure to produce a videotape (see 3 above). (Ans., R.22 ). In his November 19, 1999 Post-Conviction Relief Opinion, Judge Michael R. Connor, Jr. stated:

> With respect to the issue of ineffective assistance of trial counsel not procuring any videotape, you can't procure the unprocurable. There is no indication in the police reports or otherwise that there was any videotape of this proceeding; therefore, since there was no videotape or any indication that there was any videotape available, counsel cannot be deficient for failing to procure it. [Ans., R 22 at p.19.]

Given this analysis by the state courts, neither trial nor appellate counsel was ineffective. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir.1999) ("There can be no Sixth

Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument).  In light of the above, this Court cannot conclude that the state appellate court's determination of these issues resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.  See also Chadwick, supra.; Barclay, supra.  The Court will deny relief with respect to the claims asserted in Ground Two.

   3.  Ground Three

Finally, Petitioner claims that the prosecutor, in addressing the jury, prejudiced his case by the following passage in his summation at trial (Ground Three):

> The significance of him being unemployed is that he's a poor person and that somehow that makes him guilty of the crime.  The significance is that he's a drug addict and he's unemployed. [Ans., Ex. Ra. 3]

A dispute arose as to whether the prosecutor actually had used the word "not" in the passage quoted, which would have caused the passage above to state:

> The significance of him being unemployed is not that he's a poor person and that somehow that makes him guilty of the crime.  [Emphasis added.]  The significance is that he's a drug addict and he's unemployed.

The Appellate Division ordered a limited remand to determine whether the word "not" had been inadvertently been omitted from the trial transcript, making it seem as though the prosecutor had made a prejudicial comment in his closing.  (Ans., Ra. 3.)  In its opinion after remand, the Appellate Division noted that the trial court held as follows:

14

> My recollection, from review of my notes and from having presided over this trial, is that the context of the initial portion of the argument in question was that he was stating the first of the sentences in the negative and that he was making the argument, which he did in the second sentence, which is the subject of dispute. It is, I think, therefore, accurate to hold and determine that despite the best efforts of the Court Stenographer, the negative aspect of Mr. Butchko's statement was not recorded, and this would certainly be likely if the word "isn't" was used. The "n't" part of "isn't" could have been missed by the stenographer. The context of it clearly indicates that the negative was used. And for the reasons which I've stated I would hold that the negative was used. [Ans., Ra. 4, p. 8 n.1]

The Appellate Division noted:

> <u>The proceedings on remand have confirmed our doubt</u> [Emphasis Added] that this prosecutor would have told a jury in summation that the significance of being unemployed is that a defendant is poor and that makes him guilty. The trial judge so held on remand after considering the testimony of counsel, and his own notes. Certainly, it is most unlikely to have occurred, particularly so in light of the absence of contemporaneous reaction by defense counsel or the judge. However, even if such a statement had been made, given the Court's charge and the overwhelming evidence of guilt, we see no real possibility of it having contributed to an unjust result in this case. [Ans., Ra.4, p.8.]

Again, Petitioner has failed to meet his burden of establishing the existence of a federal claim under Ground Three of the Petition. Petitioner has failed to rebut the state court findings by clear and convincing evidence. See <u>Stevens v. Delaware Correctional Center</u>, <u>supra</u>; <u>Duncan v. Morton</u>, <u>supra</u>. He also has not demonstrated that the trial court's alleged error (if any) "deprived him of a right which he enjoyed under the Constitution, laws, or treaties of the United States." <u>Johnson v. Rosemeyer</u>, supra. at 110. The Court also will deny relief on this claim.[5]

---

[5] Even assuming that a Due Process claim is being asserted, this Court can not conclude that the determination of this issue
(continued...)

Certificate of Appealability

Because Dial has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.  CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability.  See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.

s/ Jerome B. Simandle  
JEROME B. SIMANDLE  
UNITED STATES DISTRICT JUDGE

DATED:     December 16 , 2005

---

⁵(...continued)
in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.;  Chadwick; supra.; Barclay; supra.